IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| John Henry Bridges, ) | Civil Action No. 5:18-2232-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Lt. Smalls, Lt. Hunt, Sgt. Baker, Sgt. Tapp, ) | |
| And Sgt. Peargram, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 51) recommending that Plaintiff's claim be dismissed. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's claim with prejudice.

**I. Background**

Plaintiff John Bridges is an incarcerated person proceeding *pro se* and *in forma pauperis* to allege violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendants moved for summary judgment on February 6, 2019 (Dkt. No. 45) and the Magistrate Judge issued a *Roseboro* order on February 7, 2017 advising Plaintiff of the motion and that failure to argue a response could result in dismissal of his case (Dkt. No. 46). On March 19, 2019, the Magistrate Judge ordered Plaintiff to advise the Court by April 2, 2019 if he wished to continue to prosecute the case. (Dkt. No. 49.) Plaintiff filed no response to the order. No objections were made to the R & R.

**II. Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v.*

*Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

The Magistrate Judge addressed the issues and correctly concluded that this case should be dismissed pursuant to Rule 41. Plaintiff's lack of response—in opposition to Defendants' motion, to the *Roseboro* order, and to the March 19, 2019 order—indicates Plaintiff's intent not to continue prosecuting his claim and, therefore, subjects the case to *sua sponte* dismissal. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 51) as the Order of the Court and **DISMISSES WITH PREJUDICE** Plaintiff's claim.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 23, 2019
Charleston, South Carolina